## THOMAS H. PRESLEY *v.* PENNAL QUARLES.

1. EVIDENCE: DECLARATIONS OF A PARTY WHEN ADMISSIBLE IN HIS FAVOR.—A party cannot introduce his own declarations as evidence, unless it be clearly shown that they were made in the presence and hearing of the other party; and if they are thus admitted, the jury will not be justified in giving them any weight whatever.
2. NEW TRIAL.—This court will grant a new trial when the verdict is clearly against the weight of evidence.

IN error from the Circuit Court of Attala county. Hon. E. G. Henry, judge.

*W. E. Pugh,* for plaintiff in error,
Cited 7 S. & M. 715; 12 Ib. 604.

*J. A. P. Campbell,* for defendant in error.
A new trial will not be granted upon the ground that the verdict is contrary to the evidence, unless it be clearly and manifestly so. 1 S. & M. 381; Ib. 400; 5 Ib. 21; 10 Ib. 313; 12 Ib. 615; 13 Ib. 202, 599.

HANDY, J., delivered the opinion of the court.

This was an action upon a promissory note, given for the purchase-money of a tract of land.

After the note was read in evidence on the part of the plaintiff, the defendant introduced a witness, Lewis Presley, who testified that he acted as agent for the defendant in the matter which led to the execution of the note—that the plaintiff sold to the defendant certain land, stock, &c., for the sum of $1,700, the land being valued at $1,200, or three dollars per acre, and included the east-half of the north-east quarter of section 10, township 14, range 8,

east, which tract the plaintiff represented himself to be the owner of, but that he had not the legal title, but that he could and would procure it and convey it to the defendant—that the other portion of the purchase-money for the property, with the exception of the amount of this note, was paid, and that the reason why the entire purchase-money was not then paid, was that the plaintiff could not then make a title to the land above described, and it was therefore agreed at the time, that this note should not be paid until the title to said tract of land was made—that plaintiff had told witness that this suit was wrongly brought, and that he would have it dismissed.

The plaintiff then read a deed from himself and wife, to the defendant for other lands, not embracing the tract above mentioned; and introduced a witness, who testified that he received the note sued on when it was first given by the defendant, who then said that he would pay it in a few days—that he was going to South Carolina, and on his return would have the money, and would pay the note—that he made no reservation in regard to payment, and witness understood that the note was given for the balance due the plaintiff on settlement for all the property purchased by him from the plaintiff, and not in reference to any particular item of the trade.

The plaintiff also introduced A. P. Boyd, who stated that about the time of the trade between plaintiff and defendant, they came together to him to make inquiry about the piece of land mentioned by the witness for the defendant, and after having made the examination among the records of deeds in the Probate Clerk's Office, the plaintiff remarked to the witness that he had agreed to give the defendant his claim to this land, but that it made no difference, as he was not bound for the title. Witness did not know whether the defendant was in the room or not when this remark was made, or whether he heard it or not; but both parties came together and the defendant was present during the examination, looking on, and the plaintiff made the remark above mentioned, in a tone sufficiently loud to be heard over the room.

Upon this evidence, the verdict being for the plaintiff, the de-

fendant moved for a new trial, which motion was denied; and hence the case is brought here.

The ground of error insisted upon in behalf of the plaintiff in error is, that the verdict is contrary to the evidence. And we think it clear that this error is well assigned.

The witness (Presley) distinctly proves that the note in controversy was given for the land to which the plaintiff had not the legal title; and that the reason why the money for that part of the property purchased was not paid at the time was, that the plaintiff could not convey the legal title at that time. He further states that it was agreed at the time that the note was not to be paid until the title to the tract of land was made; and further, that the plaintiff told him that the suit was wrongly brought, and that he would have it dismissed.

This is the testimony of the witness who acted as agent for the defendant in the trade which led to the execution of the note.

The declarations of the defendant, and the understanding of the witness on the part of the plaintiff in relation to the payment of the note, are not sufficient to destroy the effect of this positive evidence in behalf of the defendant. These declarations are merely that when the note was given by the defendant to this witness, who, it would seem, was in some sort the agent of the plaintiff, the defendant stated that he would pay it in a few days—that he was going to South Carolina, and on his return would have the money, and would pay it. This may all be accounted for consistently with the understanding between the parties (as stated by the witness Presley,) for the defendant may have relied on the assurance given by the plaintiff, that he could and would procure the legal title and convey it to him; and having in his mind that promise, and relying on it, he might have said that he expected to pay the money in a short time after his return from South Carolina. For the same reason, he might not have deemed it necessary when giving the note, which, it appears, took place some time after the trade, to mention the condition upon which it was given; and certainly his silence upon that subject, and the inferences which the witness drew from his promise to pay, and his silence about the true understanding between the parties, cannot prevail against the positive testimony,

showing that the note was given for the land to which the plaintiff had no title, and that it was distinctly agreed that the note was not to be paid until the title should be conveyed. And it is not pretended that that has ever been done.

Nor was the testimony of the witness (Boyd) entitled to any weight. The declarations of the plaintiff could only have been admissible upon the proof that they were made in the presence of the defendant, and within his hearing. This witness does not state that they were made in his presence or within his hearing; and under the circumstances as stated by the witness, it should not have been left to the jury to infer that he heard and assented to the statements of the plaintiff. But as the statements of the plaintiff were admitted, the jury were not justified in giving them any force, as they were not clearly shown to have been made in the defendant's hearing, without which he cannot be presumed to have admitted their correctness by his silence.

The judgment is reversed, the verdict set aside, and the case remanded for a new trial.