## E. A. MOSELEY v. A. J. JAMISON.

DAMAGES. *Personal injuries. Verdict.*

> In an action for personal injuries, where the uncontradicted evidence shows that the plaintiff sustained actual damages and expended considerable sums for necessary medical attention, etc., a verdict for only nominal damages should be set aside. The jury having by its verdict fixed plaintiff's right to a recovery, should have awarded at least compensation for actual damages proved to have been sustained.

FROM the circuit court of Clay county.

HON. C. H. CAMPBELL, Judge.

This action was instituted in the first district of Chickasaw county, and a trial had there resulted in a verdict and judgment for the defendant. This judgment was reversed on appeal because of the erroneous action of the court in excluding certain testimony. See *Moseley* v. *Jamison,* 66 Miss. 52.

The cause having been remanded, a change of venue was had to Clay county, and being again tried, there was a verdict in favor of plaintiff, assessing his damages at $5. The court refused plaintiff's motion for a new trial, and judgment was entered in his favor for $5, taxing him with the costs. From this judgment he appealed.

The facts, necessary to an understanding of the point decided, are stated in the opinion.

*Beall & Pope* and *Houston & Woods,* for appellant.

We submit that, as the verdict was for plaintiff, and as the actual damages proven, exclusive of damages for pain and suffering, are conceded to have been more than $200, the court should reverse and remand the case. The verdict settled that defendant was in the wrong in the difficulty. 3 Hill (S. C.), 281. The jury was not then at liberty to disregard the uncontradicted testimony showing actual damages, loss of time, and necessary expenses caused by the injury. 7 Bosw. (N. Y.) 4; 2 Bays (S. C.), 466. In the latter case no actual damages or expenses were shown, but plaintiff suffered from a gun-shot wound at the hands of defendant, and the court promptly set aside a verdict in plaintiff's favor for $1. See *Armitage* v. *Haley,* 45 Eng. Com. Law, 917; *Tedd* v.

Opinion of the court.

*Douglas*, 94 Ib. 896; *Weeding* v. *Mason*, 89 Ib. 382; *Kelly* v. *Sherlock*, 1 L. Rep. Q. B. 697; *Falvey* v. *Stanford*, 10 Ib. 55; *Phillips* v. *L. & S. R. Co.* 5 L. Rep. Q. B. Div. 87; 1 Addison on Torts, 87.

*Fox & Roane*, for appellee,

Filed a brief and written argument, which, without citation of authorities, discussed the evidence and instructions, and urged that on the evidence the verdict should have been for the defendant, and that plaintiff has no cause to complain of the finding of nominal damages.

WOODS, C. J., delivered the opinion of the court.

This action was brought for the recovery of damages for grave personal injuries sustained by the appellant by reason of his having been dangerously wounded by pistol shots fired, without justification, by the appellee. The jury by its verdict found the issue in favor of the plaintiff below, and that the plaintiff had suffered the injuries complained of at the defendant's hands, and without justification on the part of the defendant. By its verdict, the jury settled the right of the plaintiff to a recovery. But, having been constrained by its oath to render a verdict for plaintiff, the jury refused to award more than nominal damages, and gave a sum so small as to impose all costs upon the plaintiff.

From the action of the court in declining to set the verdict aside and award a new trial, the plaintiff took an appeal, and the matter is thus presented to us.

It may be conceded that where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury may appear to be manifestly too small. In such case of incertitude in the measure of damages, the matter must be left to the discretion of the jury; nor should its verdict be disturbed on its finding as to the proper amount to be awarded, except in the cases when it has been plainly produced by prejudice or passion or other improper motive.

But, conceding all this, a new trial must be granted even in actions

*ex delicto* where the jury has responded only in part to the demand made upon it by the law and the evidence. The plaintiff in such actions seeks to establish his right to a recovery for injuries done by the defendant, and to recover adequate compensation for the wrongs. An appeal to the courts of the country, which is met by a verdict declaring that the plaintiff's right to a recovery is clear, but declining to give adequate compensatory damages, has certainly not met that response which justice requires. The aggrieved suitor has asked for, and shown that he was entitled to receive, bread, but has been given a stone! He has made out his right to recover for the wrong done him, and he has a right to expect and to demand adequate compensatory damages, if nothing more. He has furnished the jury with a certain standard for estimating his damages, and the jury is not to be permitted wantonly and defiantly to disregard this certain standard in arriving at its conclusion. The right to adequate compensation is as fixed as the right to a recovery itself.

In the case at bar the jury has said that the plaintiff's right to a recovery is so clearly made out as to constrain a verdict for him. The same evidence by which the plaintiff made out his right to recovery shows, further and undisputedly, that considerable sums were expended by him for medical attention and supplies, and that for months he was wholly disabled for business, and the precise sum lost by this disablement was not attempted to be disputed. That the injured suitor shall be told, "You are clearly entitled to recover—that is your right, and you have shown what amount of damage you have actually sustained by reason of the wrong which gave you a right to recovery—but we will compromise the matter by saying you were wronged and shall recover, whereby you shall have the benefit of the moral victory, but we will decline the mercenary and low view that money can salve your hurts, and saddle the costs of the suit upon you," must shock every reflecting and law-abiding man, when attentively regarded.

The verdict is utterly inconsistent, and unreasonable, and unjust, and must be set aside by us.

The injured citizen must be made to realize that he can safely

appeal to the courts of the state for adequate redress of every wrong, and no appeal shall ever be met by such response as will only aggravate and intensify the original injury, with our consent, at least.

<em>Reversed and remanded.</em>