## MONTAGUE S. HASIE *v.* ALABAMA & VICKSBURG RAILWAY COMPANY.[*]

1. CONTRIBUTORY NEGLIGENCE. *Violations of law.*

Contributory negligence cannot be predicated of knowledge by the party injured that the party who inflicted the injury habitually violated the law and should be expected to do so again.

2. SAME. *Railroads. Excessive speed in municipality. Case. Code* 1892, § 3546.

A party who has knowledge that the trains of a railroad had been habitually run, in violation of the statute (code 1892, § 3546), at a rate of speed exceeding six miles per hour within a municipality, is not guilty of contributory negligence merely because he did not act upon the assumption that the train by which he was injured would be so run.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Hasie, the appellant, was the plaintiff and the railway company the defendant in the court below. From a judgment in favor of defendant the plaintiff appealed to the supreme court. The facts are stated and instructions sufficiently presented in the opinion of the court.

*Green & Green*, for appellant.

The declaration sets out three separate and distinct legal injuries: (1) Running over six miles an hour in the city of Jackson; (2) because the engineer, when he saw Hasie in a position of peril, did not exercise proper care in stopping the train; (3) in running around the curve, where he was unable to see who

---

[*] Judge Calhoon having been of counsel, did not sit in this case. He recused himself, and J. B. Boothe, Esq., was appointed and acted as special judge in his place.

was on the bridge, when he knew that persons were constantly crossing it, at the invitation of the railway company, and in reckless disregard of human life he wilfully ran the train on the bridge at such a rate of speed that he could not stop before running over plaintiff.

These causes of action are of entirely different natures. To some of these the plea of contributory negligence is a complete answer; to others it is not. Too high a degree of care is demanded of plaintiff by defendant's instructions, and he is held responsible for not only what he knew, but for what he had opportunity to know. "If the injured person had no actual knowledge of the danger that threatened him, and if in the exercise of ordinary care under the circumstances he would not have apprehended such danger in time to avoid the consequences of the defendant's negligence, he cannot be charged with contributory negligence." 7 Am. & Eng. Enc. L. (2d ed.), 391, and cases cited.

The plaintiff was declared negligent by defendant's instructions, because he did not presume that the defendant was going to commit an unlawful act on that particular day, with that particular train, because occasionally trains ran over the bridge at an unlawful rate of speed. Every man has the right to presume the law will not be violated, and to act on that assumption is not negligence. To contemplate the claim that they had a vested right to imperil the lives of these men is barbarous. Hasie had only about 400 feet to go after he had looked up one of the most populous streets in the city for one-fourth of a mile. What caused the injury was that the engineer ran this one-fourth of a mile at a rate of speed equal to fifteen miles an hour. Certainly Hasie had the right to rely on the presumption that the law would not be violated in any such flagrant manner.

*Mc Willie & Thompson*, for appellee.

That a railway company has a right to a clear track and that,

in operating its trains in due course of business, it owes no duty to tresspassers except to avoid wanton injury after the party is seen in a position of danger, cannot now be denied, and it is equally true that a mere licensee using the railroad track, takes the license *cum onere,* and is bound to use due care to protect himself from injury by trains. It is also well settled that an excessive rate of speed within the corporate limits of a municipality does not deprive a railroad company of the defense of contributory negligence growing out of the conduct of a plaintiff who has been injured by a train so running. *Illinois, etc., R. R. Co.* v. *Lee,* 71 Miss., 895; *Mobile, etc., R. R. Co.* v. *Stroud,* 64 *Ib.,* 784; *Louisville, etc., Ry. Co.* v. *Cooper,* 68 *Ib.,* 368; *Vicksburg, etc., R. R. Co.* v. *McGowen,* 62 *Ib.,* 682; *Crawley* v. *Richmond, etc., R. R. Co.,* 70 *Ib.,* 340; *Watey* v. *Mobile, etc., R. R. Co.,* 69 *Ib.,* 145; *Jobe* v. *Memphis, etc., R. R. Co.,* 71 *Ib.,* 734; *Collins* v. *Illinois, etc., R. R. Co.,* 77 *Ib.,* 855.

It is argued that the defendant held out an invitation to the employes of the bridge company to make use of the existing bridge for all purposes connected with their work, but it is not so alleged, nor is there anything in the evidence to sustain the idea. But even had such an invitation been extended, it would have been subject to the implied condition that defendant should have a clear track at train time. An invitation, like everything else, has its limitations, which no one can disregard except at his peril. An invitation to attend a holiday celebration does not mean that the person receiving it may jump in front of the cannon as the match is applied, nor tie the drag rope around his body as the balloon starts up.

Argued orally by *M. Green* and *G. W. Green,* for appellant, and by *T. A. McWillie* and *R. H. Thompson,* for appellee.

BOOTHE, Special J., delivered the opinion of the court.

Appellant brought suit against appellee in the court below to recover damages sustained by a personal injury inflicted by

the railway company while the appellant was attempting to cross the bridge and trestle of the company across Pearl river, in the city of Jackson, November 21, 1898. The declaration alleges that he was the servant and employe of the Groton Bridge & Manufacturing Company, which, at the time of the injury complained of, was constructing piers for a new bridge for defendant in close proximity to the bridge then in use, and that the servants of the Groton company used the railroad bridge as a way to and from their work of construction, and as occasion required, with the knowledge and consent of the resident engineer of the railway company, who was superintending the work in progress; that appellant, the engineer and servant of the Groton company, was going over said bridge and trestle to perform some duty in respect to said piers when he was struck by the locomotive and train of appellee, running at an excessive rate of speed, knocked off the trestle and permanently injured. To this declaration appellee pleaded the general issue and contributory negligence. To the plea of contributory negligence there was a demurrer, which was overruled, after which issue was taken on same. This demurrer was properly overruled.

It appears from the evidence that the train by which appellant was injured was on its way from west to east across Pearl river; that the wind was briskly blowing in the opposite direction; that there was a sharp curve in the railroad track near the bridge; that plaintiff looked back before going on the bridge, but saw and heard no train; that, after going about fifty steps on the trestle leading to the bridge, appellant looked back and saw the train approaching, and at once made an effort to escape from his perilous position, but was knocked off or fell off, and that, in rounding the curve, no whistle was blown and no bell rung to give warning of danger, the air brake in emergency was not applied, no sand was used and the engine was not reversed. It is also in proof that the servants of the railway company endeavored to stop the train to avert injury

and did all in their power. As to this and the speed of the train there was some conflict.

It is apparent from an examination of the whole record that the questions raised by the pleadings were properly submitted to the jury, and it follows logically that, if there is no error on the part of the learned trial judge, the verdict and judgment ought to be affirmed. We cannot sustain the first, second, third, fourth and sixth assignments of error.

The fifth assignment of error is that the court erred in granting appellee's first, second, third and fourth instructions. As to this assignment of error we hold that the second charge was erroneous, but the error is cured by the fourth instruction given for appellant. The first and fourth instructions are erroneous in this: that the question of contributory negligence in both instructions is predicated upon an untenable hypothesis. In both instructions the plaintiff below, and appellant here, is called upon to assume that, if he knew or had opportunity to know that defendant's trains were accustomed to run over the bridge at an excessive rate of speed, they would continue to be so run; and in view of such knowledge, or opportunity of obtaining same, he is, by the terms of these instructions, chargeable with contributory negligence in going on the bridge "without first informing himself that the train had passed over," is the language of the first instruction; and that he did not "put out, or cause to be put out, flags or other warnings to notify the train crew that he was on the bridge," is the language of the other. It is not sound doctrine to base a question of so much importance as that of contributory negligence in this case upon the untenable foundation set out in these charges, and call upon the plaintiff to assume that, because the railroad company had been accustomed to violate the law, it would do so the morning of the alleged injury. He had a right to assume, from all the surroundings, that the train would be running at the legal rate of speed. While the jury without these charges might have reached the same conclusion,

the charges named were well calculated to mislead them.   Because of the errors mentioned, the verdict of the jury is set aside, the judgment of the court below is reversed, and the cause remanded.