MONTAGUE S. HASIE *v.* ALABAMA & VICKSBURG RAILWAY COMPANY.

1. DAMAGES.   *Inadequate.   New trial.*

   In order to justify a court in setting aside a verdict and granting plaintiff a new trial because of the award of inadequate damages, it must appear that the damages awarded are, in fact, inadequate, and that the jury in estimating the same were influenced by prejudice, passion, or other improper motive.

2. SAME.   *Conflict of evidence.*

   Where there is a conflict of evidence as to the extent of plaintiff's injuries, and as to whether his subsequent ailments are attributable to defendant's acts, an award of damages will not be set aside on plaintiff's motion as inadequate if there be evidence which justifies the conclusion that the sum awarded is full compensation. *Hill* v. *Alabama, etc., Ry. Co., post, p.* 587.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Hasie, the appellant, was plaintiff in the court below; the railway company was defendant there. Plaintiff was the superintendent of a bridge company, engaged in the construction of the substructure of a new railway bridge for appellee over Pearl River at Jackson, and in the performance of the work claimed the right to use the old bridge in going back and forth to his work. He was knocked off of the old bridge by a train of defendant company, running at an unlawful rate of speed, and sued for damages, claiming $30,000; the case was tried twice in the circuit court, the first trial resulting in a verdict and judgment for defendant, from which the plaintiff appealed to the supreme court. The decision on the first appeal is reported, *Hasie* v. *Alabama, etc., Ry. Co.,* 78 Miss., 413. The case having been reversed and remanded, a new trial was had, resulting in a verdict and judgment for $500 in plaintiff's

favor, and from this he again appealed to the supreme court. The state of the evidence on the second trial is mentioned in the opinion of the court; it may be stated, however, that plaintiff offered evidence, which, if believed, tended to show the most serious personal injuries, and which, alone considered, would have entitled him to the full sum demanded, but this evidence was controverted both as to the extent of plaintiff's injuries and as to whether the grievous ailments of which he complained, if they existed, were attributable to the blow received on, or his fall from, the bridge.

*Green & Green,* for appellant.

The sole ground relied on to reverse this case is that the damages awarded under the evidence were so grossly inadequate as to show that the jury did not respond to the damages actually proven in the case, and that they were influenced by other than the testimony in the case.

The record shows that the court instructed the jury that they were not only to find compensatory damages, but also that they might assess punitive damages. We insist that aside from any punitive damages, which might and should have been allowed, that the compensatory damages proven and undisputed show that plaintiff lost by reason of the injury, besides the pain and suffering, the sum of one-half of $13,000, being the profits lost to the Bridge Company by reason of his inability to attend to the work, and in which plaintiff had one-half interest; and that at the time of his injury, November 21, 1898, his income from his professional services, he is a civil engineer, outside of his interests in the profits of the Bridge Company, exceeded $10,000 a year, and that up to the time of the accident he had made from his professional fees about $8,500, and that he was making as fees as engineer about $10,000 a year; that since the injury he has not been able to do any professional work, and has only been able to give incidental attention to the Bridge Company work, and that he has

been unable, by reason of the injury received, to do any professional service, and had to decline all professional employment. There is no evidence controverting this proof of actual injury and loss; and it may be noted that the same testimony appeared substantially in the former record at the former trial, and, therefore, defendant had full notice of the extent of the claims of Maj. Hasie's losses in his profession and business, and no effort was ever made, or, if made, it was unsuccessful, to take any proof controverting the truth of these statements.

The following authorities show appellant entitled to a new trial: *McMahan* v. *O'Clow Water Co.,* 95 Wis., 640; *Pioneer,* 78 Fed. Rep., 600; *Smith* v. *Whittaker,* 95 Cal., 295; *Morgan* v. *So. Pac. Co.,* 95 Cal., 510; *Chic. Ry. Co.* v. *Holland,* 18 Ill. App., 418; *Wabash R. R. Co.* v. *Friedman,* 41 Ill. App., 270; *Hall* v. *Chic. R. R. Co.,* 46 Minn., 439; *Harrold* v. *N. Y. Electric Co.,* 24 Hun. (N. Y.), 184; *Alberta* v. *N. Y. R. R. Co.,* 43 Hun., 421; *Int. R. Co.* v. *Brazil,* 78 Tex., 314; *Sabine R. R. Co.* v. *Ewing,* 7 Tex. Cir. App., 8; *Bennett* v. *N. Y. Central R. R.,* 61 Hun. (N. Y.), 623; *Bishop* v. *St. Paul R. R. Co.,* 48 Minn., 26; *Derffenboch* v. *N. Y. R. R. Co.,* 5 N. Y. App., 33; *Ridenhour* v. *Kansas City R. R.,* 102 Mo., 270; *Mo. R. R. Co.* v. *Haur,* Texas Cir. App. (1895); *Neilson* v. *Marianette Paper Co.,* 75 Wis., 579; *Phillips* v. *London R. R. Co.,* 5 Q. B. Div., 78; Benton v. Collins, 47 L. R. A., 33; *Union Bridge Co.* v. *Tehan,* 92 Ill. App., 259; *Y. & M. V. R. R. Co.* v. *Martin,* 29 So. Rep., 829; *Hires* v. *Atlantic City R. R. Co.,* 48 Atlantic Rep., 1002; *I. C. R. R. Co.* v. *O'Connor,* 90 Ill. App.; *Chic. Ry. Co.* v. *Rathburn,* 90 Ill. App., 238; *Postal Tel. & Cable Co.* v. *Coote,* 57 S. W., 912; *McTague* v. *Dowst,* 51 Appellate Div. (N. Y. Supp.), 206; *Terre Haute R. R. Co.* v. *Sheeks,* 56 N. E. (Ind.), 434; *Lake Shore Ry. Co.* v. *Topliff,* 18 Ohio Cir. Ct. Rep., 709; *Walter* v. *Chattanooga R. T. Co.,* 58 S. W. Rep. (Tenn., 1900), 737; *Lacs* v. *James Everoids Breweries,* 70 N. Y. S. (1901), 672; 61 App. Div., 431; *Inter. Nat. Ry. Co.* v. *Woodward,* 63 S. W., 105; *Schultze* v. *Farivault, etc., Co.,* 84

N. W. (Minn., 1901), 631; *Moseley* v. *Jamison,* 68 Miss., 337; *Central, etc., R. R. Co.* v. *Forshee,* 22 So. Rep., 1012, 1013, 1014; *Railroad Co.* v. *Scurr,* 59 Miss., 461; 10 Am. Pl. & Prac., 1135 *et seq.; Rushing* v. *Rushing,* 52 Miss., 332; *Spratley* v. *Kitchens,* 55 Miss., 578; *Atkinson* v. *Foxworth,* 53 Miss., 733; *Clark* v. *Parker,* 63 Miss., 549; *Guilleylen* v. *Stewart,* 72 Miss., 262; *Boyd* v. *Brown,* 17 Pick. (Mass., 1835), 461; *Winn* v. *Columbian Ins. Co.,* 12 Pick., 228; *Winn* v. *Ins. Co.,* 12 Pick., 288; *Sprague* v. *Bailey,* 19 Pick., 442; *Robbins* v. *Townsend,* 20 Pick., 351; *Hamilton* v. *Nelson,* 22 Mont., 540; *Benton* v. *Collins,* 125 N. C., 90; *Strother* v. *Railway Co.,* 123 N. Y., 197; *Mining Co.* v. *Smelting Co.,* 122 N. C., 542; *Rettenhouse* v. *Railway Co.,* 120 N. C., 544; *Nathan* v. *Railway Co.,* 118 N. C., 1066; *Picke!* v. *R. R. Co.,* 117 N. C., 610; *Blackburn* v. *Ins. Co.,* 116 N. C., 821; *Tillet* v. *R. R. Co.,* 115 N. C., 662; *Jones* v. *Swepson,* 94 N. C., 700; *Bowen* v. *Railroad Co.,* 91 N. C., 199; *Price* v. *Dial,* 90 N. C., 290; *Jones* v. *Mial,* 89 N. C., 89; *Lindley* v. *Railroad,* 88 N. C., 547; *Crawford* v. *Mfg. Co.,* Id., 554; *Roberts* v. *R. R. Co.,* Id., 560; *Allen* v. *Baker,* 86 N. C., 91; *Burton* v. *R. R. Co.,* 84 N. C., 192; *Meroney* v. *McIntyre,* 82 N. C., 103; *Holmes* v. *Godwin,* 71 N. C., 306; *Key* v. *Allen,* 7 N. C., 523; *Barnes* v. *Brown,* N. C., 439; *Gray* v. *Little,* 126 N. C., 388; 3 Sedgwick on Dam., sec. 1322, p. 648; *McNeil* v. *Lyons,* 20 R. I., 671; *Ramsdell* v. *Clark,* 20 Mon., 106; *Lake* v. *Bender,* 18 Nev., 367; *Price* v. *Harris,* 10 Bing., 331; 25 Eng. Com. Law, 155; *Zaleski* v. *Clark,* 45 Conn., 404; *Danson* v. *Wisner,* 11 Iown, 8; *Patton* v. *Springfield,* 99 Mass., 635; *Coulter* v. *N. Y.,* 19 Wend., 119; Code 1892, § 4345; Code 1892, § 4353; Broom's Legal Maxims (8th ed.), 331, 333; Broom's Legal Maxims (8th ed.), 326.

*McWillie & Thompson,* for appellee.

Appellant caused the court below to instruct the jury that they were "the sole judges of the amount of damages to be

---

Opinion of the court.

---

awarded." If this was good law then, it is good now, and demands an affirmance of the judgment from which this appeal is taken. A litigant should not be permitted to urge inconsistent theories of law. But, aside from this, a court will not substitute its own opinion for the discretion of the jury, although the verdict in a particular case is less than the court would have approved. *Berry* v. *Lake Erie, etc., R. Co.*, 72 Fed. Rep., 488. Where there is a conflict in the evidence, the question of the inadequacy of a verdict should not be considered on appeal. *Railroad Co.* v. *Holland*, 18 Ill. App., 418; *Railroad Co.* v. *Harmes*, 52 Ib., 649; *Garlick* v. *Pella*, 53 Iowa, 651.

When the law furnishes no rule of measurement, the court will not disturb a verdict as excessive (or inadequate) unless it be shown to be so flagrantly improper as to evince passion, prejudice, partiality, or corruption. Where different minds might and probably would arrive at different results as to damages, and nothing inconsistent with an honest exercise of judgment appears, the verdict will not be disturbed. *Railroad Co.* v. *Caruth*, 51 Miss., 77.

Argued orally by *Garner W. Green* and *M. Green*, for appellant, and by *T. A. McWillie*, for appellee.

BOOTHE, Special J.,* delivered the opinion of the court.

This cause was before the court at a former term on appeal from a judgment in favor of the appellee, and was reversed because of erroneous instruction given in its behalf. 78 Miss., 413; 28 So. Rep., 941. At a subsequent trial in the court below the jury awarded appellant for his personal injuries sustained the sum of $500. From this judgment he appeals, and assigns as the only ground of error that the damages awarded were inadequate. If the undisputed testimony

---

*Judge Calhoon having been of counsel in the case before his appointment to the bench, took no part in its decision; he recused himself and J. B. Boothe, Esq., was commissioned by the governor as special judge in his place.

offered by the appellant and heard by the jury disclosed that the damages assessed were inadequate, and that the jury had been influenced by prejudice, or passion, or other improper motives, it would be the plain duty of this court to award a new trial. *Moseley* v. *Jamison,* 68 Miss., 336 (8 So. Rep., 744) ; *Hill* v. *Railway Co.* (Ala.), 31 So. Rep., 198. But such is not the case. It appears from the examination of all the testimony that there was a material conflict in the testimony, not only as to the seriousness of the injury at the time it was inflicted, but also as to the direct or proximate cause of the subsequent mental and physical ailments testified to by the appellant and others in his behalf. The jury, under the evidence adduced, would have been warranted in finding a verdict for a larger or a smaller sum, or for the defendant railway company. And there is nothing in the record showing, or tending to show, that the finding of the jury was plainly produced by prejudice or passion or other improper motive; but, on the contrary, it sufficiently appears that the jury has responded to the whole demand made upon it by the law and the evidence. After reaching these conclusions, it is needless to pass upon the other questions raised.

The judgment of the court below is

*Affirmed.*