GREEN *v.* EVERSON.*

[106 So. 265. No. 25276.]

(Division B. Dec. 14, 1925.)

APPEAL AND ERROR. *Verdict on conflicting evidence as to negligent cause conclusive.*

Jury's resolution of square conflict in evidence as to whether collision between parties' cars was caused by the negligence of the one or that of the other is binding on appellate court.

*Headnote. Appeal and Error, 4 C. J., Section 2836; Review of verdict on questions of fact, see 2 R. C. L., p. 194; 1 R. C. L. Supp., p. 433; 4 R. C. L. Supp., p. 90; 5 R. C. L. Supp., p. 79.

APPEAL from circuit court of Lowndes county.

HON. J. I. STURDIVANT, Judge.

Action between Hattie Green and P. Everson. From adverse judgment, the former appeals. Affirmed.

*Lincoln & Lincoln,* for appellant.

Sections 5777, 5781 and 5785, Hemingway's Code, pre-scribe the rule governing the use of motor vehicles on public highways, makes the injury to persons or property by such vehicles *prima facie* evidence of violation of the law as to the operation of said vehicles, and the burden is on the driver or owner to show the exercise of due care and the observance of the statute, and that he was not negligent as to the operation of said vehicle.

The preponderance of evidence rebutted the *prima facie* case and proved conclusively that Van T. Hairston, who was driving appellee's Buick car at the time of the accident, was wholly negligent in that he did not signal for the curve, that he was on the wrong side of the road when the accident occurred, that his time was so taken up by having a good time with three girls in his car, that he gave no attention to the rules of the road, as laid down in our statute, and by this court. We say this, for the reason that only one witness testified that appellee's car signalled at the curve, while five witnesses —Nelson Crigler, Emmett Gunter, James Glenn, Wiley Brewer and Jim Holloway—testified that appellant's Studebaker car sounded its horn for the curve, and appellee's Buick did not. That the witnesses for appellee testified that appellee's Buick car was in the center of the road, with the front end to the right of the center, showing conclusively that appellee's Buick car was on the left side, which was the wrong side of the road, and that, when Hairston, driving the appellee's Buick car, saw appellant's Studebaker car, he tried to cut to the right, but, as he was too far on the wrong side of the road, he did not have time to get his car on the side of the road which he should have been using, and appellant's Studebaker car struck the appellee's Buick a glancing blow on the left rear side.

Witnesses for both appellee and appellant testified that appellant's Studebaker car slowed down at the curve.

This court will readily see the injustice done appellant by the jury in returning a verdict in favor of appellee, and we respectfully ask that this court reverse this cause and remand it back for a new trial.

NOTE: No brief for appellee found in the record.

ANDERSON, J., delivered the opinion of the court.

The sole question in this case was one of fact—whether the collision between appellant's and appellee's automobiles was caused by the negligence of appellant's driver or that of appellee's driver. There was a square conflict in the evidence on that issue, and the jury resolved the conflict in favor of the appellee. In such a case, under our judicial system, the verdict of the jury is binding upon this court.

*Affirmed.*