FLOURNOY v. BROWN.

(In Banc. May 27. 1946.)

[26 So. (2d) 351. No. 36088.]

**Ernest Kellner,** of Greenville, for appellant.

**J. M. Forman,** of Indianola, for appellee.

Argued orally by **Ernest Kellner,** for appellant, and by **J. M. Forman,** for appellee.

**Smith, L. A., Sr., J.,** delivered the opinion of the court.

Appellant became the owner by inheritance in 1935 of 389.60 acres of farm land in Sunflower County. This plantation she rented to tenants, and she lived in New Orleans. On the 8th day of January 1940, she and appellee signed a lease-contract for a term of five years from January 8, 1940, to December 31, 1944, inclusive, at rental of $1,500 per annum. In July, 1945, the appellant filed her declaration in the Circuit Court of Sunflower County against appellee demanding $10,500 as damages for the breach of this contract. The jury awarded appellant $1,000 dmages by the following verdict: "We, the jury, find for the plaintiff and assess her damages in the sum of $1,000." Judgment for said amount was accordingly entered thereon, and from that judgment the plaintiff, in whose favor it was rendered, appealed, she having filed a motion for a new trial on several grounds, including "the amount of damages in the sum of $1,000 awarded to plaintiff by the verdict of the jury and by the judgment of the court is totally inadequate as shown by the evidence." Her motion for a new trial was overruled, and on this appeal the sole assignment of error is that "the trial court erred in overruling motion of appellant for a new trial on the ground that the verdict and judgment in the trial court was inadequate." It should be noted, and borne in mind, that the appellee, against whom the judgment for damages was entered, did not appeal from the judgment either by a direct or a cross-appeal. In truth, the appellee is resisting here the reversal of the judgment of the trial court.

Preceding the leasing of this plantation to the appellee, appellant had rented it to another for an annual rental of $2,000. Appellee, prior to the consummation of the aforesaid lease-contract between the parties hereto, had inspected the plantation, as had his general manager G. W. King, and they found it in bad shape. It was grown up in weeds and noxious grasses, and needed some wood-

land to be cleared for the proper degree of correct husbandry. In addition, seven tenant houses were badly in disrepair, while the eighth tenant house was beyond repair, according to their testimony. Also, the barn was in bad shape. It is in the evidence that, influenced by such conditions, the appellant made the annual rental to appellee $1,500 per annum instead of $2,000 as theretofore, a reduction of $2,500 for the five year period of the lease. It was stipulated in the rental contract that at least twenty-five percent of said land should be planted in cover crops and that the cultivation thereof would be in a good husbandlike manner; and that the houses and outhouses on the place would be made suitable for living purposes, and kept in good repair, without cost to appellant; and at the termination of the lease all improvements, changes or additions, should belong to and become the property of the appellant without any cost; that appellee would not assign the contract or sublet the premises without appellant's written consent; and that appellee would clear up and put into a state of cultivation at least fifty acres of woodland on the place at the rate of ten acres per annum. The declaration charged breach of the obligations of the contract. It is specified in the declaration that appellant failed to repair and keep repaired the houses and outhouses; to cultivate the land in a husbandlike manner; to plant cover crops, and to clear up fifty acres of woodland. These were the elements of the gross amount of damages sought, $10,500, and were detailed in the declaration in one count, without allocating to any specific breach in the declaration any certain amount as entering into the aggregate total of the amount claimed as damages, charging merely that: "The said defendant has hitherto wholly failed, neglected and refused to perform the aforesaid covenants and agreements of said contract as he thereby undertook and faithfully promised to do. To the damage of said plaintiff of $10,500." The sounding of the declaration for damages, therefore, is not by separate counts but wholly for breach of contract as the

sole and single gravamen of the complaint leading to the total sum of damages demanded.

A number of witnesses testified for each of the parties and there was a sharp conflict in the testimony as to liability. The jury, however, found for the plaintiff. They evidently adopted the evidence in support of appellant's contention that the appellee had breached his rental contract, and was therefore liable to appellant in damages. Appellee argues here ''that where the court is called upon to pass on the sole question of the inadequacy of the amount of the verdict rendered by the jury, it is the duty of this Court to consider all of the testimony offered in the case, and where there is a material conflict in the testimony, the verdict will not be disturbed by this Court unless there is some error of law or where it has been plainly produced by prejudice or passion or other improper motive.'' He cites Hasie v. Alabama, etc., R. Company, 79 Miss. 581, 31 So. 199; Stokes v. Adams-Newell Lbr. Company, 151 Miss. 711, 118 So. 441; Moseley v. Jamison, 68 Miss. 336, 8 So. 744; Green v. Everson, 141 Miss. 129, 106 So. 265. The nature of his authorities is indicated by the following partial quotation from Hasie v. Alabama, etc., R. Company, supra [79 Miss. 581, 31 So. 200] : ''And there is nothing in the record showing, or tending to show, that the finding of the jury was plainly produced by prejudice or passion or other improper motive; but, on the contrary, it sufficiently appears that the jury has responded to the whole demand made upon it by the law and the evidence.'' These cases correctly state the law, of course, in this State in dealing with the principles therein justified by the facts of the cases. Appellee cites these authorities in support of his contention that the case should not be reversed and remanded on the issue of damages. They are also authorities that the finding of the jury for plaintiff as to liability should not be disturbed by us, since it does not appear that the finding of liability was produced by prejudice or passion or

other improper motive. It will here be well to recall that defendant below, appellee here, did not appeal.

However, pertinent to the second part of the jury's verdict, assessing appellant's damages at $1,000, there is another line of cases in this State, while holding that a verdict or finding by the jury will not, on appeal, be disturbed as against the evidence because of a mere preponderance of evidence against it, it will be set aside when it is palpably against the weight of evidence, or clearly shows that the jury was mistaken. In Herron v. Bondurant & Todd, 45 Miss. 683, the Court said: "The verdict is too manifestly wrong to be sustained." In Presley v. Quarles, 31 Miss. 151, it was held that a new trial will be granted when the verdict is greatly against the weight of the evidence. It was said in Drake v. Surget, 36 Miss. 458, that a new trial will not be awarded when there is no error in the rulings of the court below unless the evidence greatly preponderate against the verdict, or the verdict be without evidence, or appear to be manifestly wrong from the record before the court. In White et al. v. McCoy, 7 So. (2d) 886, this Court held that a verdict and judgment against the overwhelming weight of the evidence should be reversed and another trial should be granted on that ground alone. Other cases in which the verdict of the jury was set aside as against the weight of the evidence are City of Meridian v. Akin, 193 Miss. 505, 10 So. (2d) 194; Jones v. Carter, 195 Miss. 182, 13 So. (2d) 623; also Montgomery Ward & Co., Inc., v. Windham, 195 Miss. 848, 16 So. (2d) 622, suggestion of error overruled 195 Miss. 848, 17 So. (2d) 208. In the last named case, the Court held that although the verdict of the jury is to be given great weight, the courts have exercised a supervisory power over them and have granted new trials when convinced from the evidence that the jury has been partial or prejudicial, or has not responded to reason upon the evidence produced. And, in Faulkner v. Middleton, 186 Miss. 355, 188 So. 565, suggestion of error overruled 186 Miss. 355, 190 So. 910, a

jury's verdict awarded an injured minor employee $500 damages for pain and suffering and permanent loss of eye as a result of employer's negligence and was so grossly inadequate as to require reversal of judgment therein for another trial on the question of damages. See also Rule 13 of this Court.

The evidence in this case, as stated, was conflicting, but that conflict had to do primarily and practically to all intents and purposes, with the question of whether or not appellee had breached or performed the rental contract, and very little effort, in fact, none, of substantial consequence, was made by appellee by way of controverting the amount of damage in dollars and cents claimed by appellant. He confined himself manifestly to his defense that he had performed the contract and hence that no damages whatever were due from him to appellant. As stated, the jury found against him on this issue and by their verdict declared him to be liable to appellant in damages, but they fixed the amount thereof at $1,000. This amount, appellant says, is wholly inadequate since she sued for $10,500, and since the jury found against appellee on liability, and since, according to the testimony of the witnesses for her, without material challenge as to the correctness of the amount from the appellee and his witnesses, her damages, because of the item of repairs to the tenant houses and barn amounted to $2,882.67, and the damages with reference to conditioning and cultivation of the plantation amounted to $5,577.50, and the damages done appellant by appellee with reference to clearing and putting woodland into cultivation amounted to a total, ranging from $2,000 to $3,750. Therefore, appellant contends that the total of $1,000 damage awarded to her was wholly inadequate, and that the cause should be reversed, but only as to damages, because of such inadequacy of damages.

It seems here that the case of Moseley v. Jamison cited by appellee contains appropriate observations. In that case, among other things, this Court said [68 Miss. 336, 8

So. 745] : "In the case at bar the jury has said the plaintiff's right to a recovery is so clearly made out as to constrain a verdict for him. The same evidence by which the plaintiff made out his right to recovery shows further, and undisputedly, that considerable sums were expended by him for medical attention and supplies, and that for months he was wholly disabled for business, and the precise sum lost by his disablement was not attempted to be disputed. That the injured suitor shall be told, 'You are clearly entitled to recover,—that is your right,—and you have shown what amount of damages you have actually sustained by reason of the wrong which gave you a right of recovery, but we will compromise the matter by saying you were wronged, and shall recover, whereby you shall have the benefit of a moral victory, but we will decline the mercenary and low view that money can salve your hurts, and saddle the cost of the suit upon you,'— must shock every reflecting and law-abiding man, when attentively regarded."

It is true that the case from which the above quotation comes also held that there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, and that the court should not ordinarily grant a new trial, although the damages awarded appear to be manifestly too small. But, in the instant case, the appellee offered practically no evidence as to the money valuation of the damages for which the jury held him to be liable, the testimony for the appellant in the record being practically undisputed on that phase of the issues. The jury rejected the defense by appellee that he had performed his contract and, that having performed it, he was not liable to appellant in damages of any amount. He offered little proof, as stated, against the proof offered by appellant of the monetary damages due her, which measured his liability, and hence there is not sufficient contradiction on that issue in this record to bring into play the principles of law announced in the cases cited by him dealing with verdicts on conflicting testimony.

In view of what we have said above, we have concluded that we would not be justified in reversing the case generally, a course neither party is seeking, but that we should affirm the judgment of the trial court as to liability, and reverse and remand the same for reassessment of the damages.

Some effort was made in the brief of appellee to inject into our adjudication here, decision of a question attendant upon special verdicts based on interrogatories addressed to juries in those jurisdictions in which such practice and procedure is authorized by law, arguing "It does not mean because the jury found for the appellant that they thought he had broken his contract in every way charged in the declaration." We have no intention of importing such practice into this State by our decision here, or to discuss it extensively. In Mississippi, we have only general verdicts, and hence there is no provision in our law whereby a litigant may address interrogatories to a jury and require answers thereto in the form of special verdicts preparatory to a general verdict, which must be in harmony therewith. After verdict, a jury may be polled, but not interrogated otherwise. James v. State, 55 Miss. 57, 30 Am. Rep. 496. Section 1518, Code of 1942, directs that no special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering the verdict, the judgment shall not be arrested or reversed for mere want of form therein. In replevin, the jury is required to find the value of each article under the Statute, Section 2860, Code of 1942, and that is the nearest approach we have to an itemized or special verdict in this State. We permit the practice of combining in one action for tort demands for compensatory and punitive damages, and no jury has ever been required to allocate its finding of liability specifically in its verdict. Under Section 1075, Code of 1942, an owner may recover in the same suit both a penalty on each tree unlawfully cut down by another on his land, as therein provided, and the actual value of each

tree so cut down. But nowhere in the chapter, Title 8, chap. 3, Code 1942, where it deals with cutting trees, is a jury required to itemize or make its verdict special. Verdicts in such suits have always been general.

Even if we were concerned in this State with that system of jurisprudence, which we are not, it is the rule in those states, which have adopted it, that a litigant may not complain in an appellate court where he failed to ask for a special verdict, being deemed to have waived it. Here, however, it will be remembered that there was one cause of action only, the breach of the rental contract; that there was only one count in the declaration which set out wherein the contract was breached, in order to inform defendant of the charge against him in the suit, but did not set out any amounts except the general sum demanded, $10,500, at the end of the declaration. In the evidence, as itemization of this amount, and as proof of the breach of the contract, the elements of damages in dollars and cents were introduced into the record by witnesses. We have a few cases which of course do not deal with this system of jurisprudence unknown to our jurisdiction, but which do slightly allude to general verdicts. For instance, in Levy v. McMullen, 169 Miss. 659, 152 So. 899, the Court said: "The principal argument in the briefs is directed upon the first count. We lay aside that count, since, in our opinion, the judgment must be sustained upon the second count. There was a general verdict for the plaintiff. Within the usual rule dealing with general verdicts there is here but one cause of action; the two counts state differences in detail leading to exactly the same liability. In such cases, in the absence of any motion or request in the trial court bearing upon the point, a general verdict is sufficient if sustained under either count. See, for instance, Goins v. State, 155 Miss. 662, 124 So. 785."

It will be remembered that in the case at bar there is in the declaration only one count, and it sets out the breach by way of itemizing and particularizing the same in three

particulars. It does not place a special money demand upon each breach, which was done only in the introduction of testimony necessary to establish the monetary damages resulting from these breaches. Therefore, we have here a case of a single demand, under a single contract, demanding a gross amount for the breach thereof, and the declaration specifying, with the required particularity for purposes of notice to defendant, wherein it was breached, and proof for establishing amount of the damages in dollars and cents, flowing from the breach, all leading to the same source of damages, that is, breach of the contract. Under the heading, "Several Grounds of Claim," in 46 C. J., Sec. 155, p. 213, we find this rule: "Where the verdict is general and the damages are not inadequate under the evidence as to any one of several grounds of claim which are not admitted, it will be presumed ordinarily that the jury found for the prevailing party on that ground only, and a new trial will be denied." However, in the case at bar, the award of damages was inadequate under the proof as to all three · of divisions of breach.

As stated, we are not interested in this State in questions involving special verdicts, but even if we .were, appellee would not be in position to raise the point under the rule laid down in 27 R. C. L. 855, wherein it was said: "Although ordinarily it is the better practice, where different causes of action joined in one action, for the jury to find a separate verdict for each cause, yet if a general verdict for one party virtually answers and negatives all the issues it is sufficient, and the fact that the issues were not answered separately is not error. Such verdict is prima facie evidence that all the issues were found in favor of the party for whom the verdict is rendered. Certainly it cannot be questioned when no objection was taken at the proper stage of the proceedings." We do not commit ourselves, however, to any adjudication which will bring into our jurisprudence the question of special interrogatories and special verdicts as adopted in

the jurisprudence of other states where such procedure is recognized and permitted; nor are we to be taken as in any way altering or abridging the principles of our law or practice, and rules of practice, with reference to verdicts of juries for the past more than one hundred years in this State. Those things are for the Legislature.

However, since we cannot say that the verdict of the jury against appellee, holding him liable to appellant, was due to passion, prejudice or other improper motive, or manifestly against the weight of the evidence, we affirm the judgment of the trial court as to liability; but, since, in our judgment, the jury was manifestly wrong in that their verdict was against the great weight of the testimony as to the amount of the damages, we reverse the judgment of the trial court and remand the case for a new trial on the question of damages only.

Affirmed in part, reversed in part, and remanded.