OVETT LAND & LUMBER Co. v. ADAMS.

[69 South. 499.]

MASTER AND SERVANT.. *Injury to servant.  Contributory ·negligence. Proximate cause.*

'Where the master provided a perfectly safe contrivance to operate its machinery, and instead of using the safe means provided, plaintiff, an employee, undertook to stop the machinery by pressing his foot on a rapidly moving belt.  This act of his was the proximate and sole cause of his injury and in such case plaintiff cannot recover.

APPEAL from the circuit court of Jones county.
HON. P. B. JOHNSON,.Judge.

Suit by M. D. Adams against Ovett Land & Lumber Company.  From a judgment for plaintiff, defendant appeals.

Appellee brought suit for damages for injuries received by him while in the employ of appellant, and recovered a judgment for six hundred and fifty dollars from which this appeal is prosecuted.

Appellant owned and operated a sawmill.  Logs were hauled from the ramps up 'an incline to the saw shed by means of a cable attached to the log car.  A belt ran over a spool wheel, to which the cable was attached, and while appellee was hauling a log up the incline he noticed that the leather belt was slipping off of the wheel, and without stopping the machinery he placed his foot against the rapidly moving belt in an effort to push it back into place on the wheel, and a lip or projection in said belt struck against his foot as the belt revolved, and threw him down and injured his leg.  Appellee contends that he was confronted with an unexpected emergency, and was attempting to keep the belt from slipping off the wheel, and thereby prevent an accident which would have resulted ·in injury

both to himself and to the machinery. Appellant contends that the defective belt was not the proximate cause of the injury, and that appellant should have pulled a lever and stopped the machinery before attempting to adjust the belting, and that in failing to do so he assumed whatever risk attached to his placing his foot against the rapidly moving belt.

The court refused the peremptory instruction requested by appellant, and sent the case to the jury, who found for appellee.

*Pack & Collins,* for appellant.

As to the proposition, that plaintiff should be precluded from recovering because he voluntarily placed his foot against a rapidly moving belt, we contend that appellee cannot hide himself behind the statute abrogating the rule of contributory negligence. We admit that this statute has rescued many apparently sinking cases and has served and is serving a great purpose in the protection of that class of laborers whose lives and safety are endangered by hazardous employment, and that in the construction of this statute this court in *Crawford's case,* 55 So. 596, *Carroll's case,* 60 So. 1013, and *Cosnahan's case,* 62 So. 824, has permitted the pendulum to swing far, and rightfully so as we believe, in favor of the employee, yet this statute was enacted to protect no such case as the one at bar. Neither this statute, nor any other law, will protect a man against his own recklessness and failure to exercise at least self protection. If this verdict can stand, then it occurs to us that a servant may wilfully and recklessly thrust his limb into any dangerous machinery of his master, or intentionally place his foot in front of a rapidly moving train, receive injuries, go into the courts and invoke this statute.

"The master is not required or expected to deal with his servant as with an automaton, as a person fol-

lowing a routine without intelligence. The servant may be expected to exercise some measure of intelligence and the instinct of self preservation. It is a fair rule that the servant assumes the risk of all dangers, however they may arise, against which he may protect himself by the exercise of ordinary observation and care." *Woodard Iron Co.* v. *Marbut* (Ala.), 62 So. 807, citing with approval 1 Labatt Master & Servant, chapter 4.

It is interesting to note that all the proof in this case shows that the proximate cause of plaintiff's injury was his own wilful voluntary act of placing his foot against a rapidly moving belt. Every time plaintiff has undertaken to tell how the injury occurred he admitted that it was due to his own voluntary act of placing his foot against the rapidly moving belt.

*Halsell & Welch,* for appellee.

As to the third assignment of error we say that counsel for appellant have overlooked the rule of law that permits one confronted with unexpected and sudden danger to do what would under other circumstances be negligence without denying a right to recover.

The rule is well settled that a servant finding himself in a position of sudden danger, caused by the master's negligence may do that which would, under other circumstances, be considered highly negligent without being denied a right to recover damages. The rule is very concisely stated in 26th "Cyc." page 1274. To hold otherwise would be barbarous.

In the case at bar the servant was guilty of no act that could be regarded as negligent until he was unexpectedly confronted with a dangerous situation brought about by a defective appliance furnished by the master. Then he did the only thing he could do to try to prevent serious damage to the master's

property and injury to himself. He tried to tighten a loose and improperly laced belt by putting his foot against it—a thing he had often seen the master do. No doubt he would have escaped injury though the belt was slipping, and though the so-called brake was out of order, but for the irregular lacing of the belt. Counsel for appellant has said that Adams used the log hauling machinery without making an examination. The servant Adams had a right to presume, though it seems to have been a violent presumption, that his master had inspected the machinery, and had tested it. See Master and Servant, 26th "Cyc." page 1252.

The servant here was not charged with any duty of examining this machinery. In fact when the mill was running he operated altogether another piece of machinery.

The facts in this case show that the master under the duty of furnishing the appellee with reasonably safe tools and appliances with which to work, and a reasonably safe place in which to work, left him to work with a machine equipped first with a loose belt, and no idler or tightener to it. The loose belt, or improper lacing to the belt, resulted in the car loaded with logs starting down the incline. Notwithstanding the negligence of the master as to the loose belt and the stick or peevy handle for a brake, doubtless the appellee would have escaped but for the lacing of the belt with a lip that caught the servant's foot and drug it between the belt and the pulley. Furthermore, the statute, Acts 1910, ch. 1351, that counsel commends with faint praise, saves appellee from the hardship that the rigorous doctrine of contributory negligence might invoke.

Cook, J., delivered the opinion of the court.

As we read the record in this case, the court should have excluded all of the evidence offered by plaintiff,

and directed a verdict for defendant. The alleged defect in the belt was not the cause of the injury. The "lip" on the belt was harmless, so far as plaintiff was concerned. The master provided a perfectly safe contrivance to operate the machine, and instead of using the safe means provided plaintiff undertook to stop the machine by pressing his foot on a rapidly moving belt. This act of his was the proximate and sole cause of his injury.

Reversed and cause dismissed.

*Reversed.*