ROSE *v.* PACE.*

(Division A.   Nov. 1, 1926.)

[109 So. 861.   No. 25823.]

MASTER AND SERVANT.

Employer *held* not liable for injury caused by act of employee vol-
untarily attempting to uncoil knot in steel rope winding on drum
when machinery was running.

*Corpus Juris-Cyc References: Master and Servant, 39CJ, p. 844, n.
24.

APPEAL from circuit court of Monroe county.
HON. C. P. LONG, Judge.

Action by Daniel Ryan Pace against E. L. Rose.
Judgment for plaintiff, and defendant appeals. Re-
versed and judgment rendered.

*Leftwich & Tubb,* for appellant.

Extracts from the plaintiff's own testimony show that
he suffered the injury by his own rashness in trying to
take a kink out of the steel rope while the machinery
was in motion, got his hand caught between the friction
wheel and the bull wheel or the drum, and several fingers
were so mashed that they had to be amputated.  The
court will observe further that the frazzles on the rope
and the projecting nut bolts had nothing to do with the in-

jury further than to confuse the jury. The frazzles may have contributed originally to the kinking of the steel rope, but the proximate cause of the hurt was the rashness of plaintiff in trying to straighten the rope while the mill was in motion when the testimony shows that all he had to do was to signal the engineer to stop the machinery.

This court only recently held that it was incumbent on the plaintiff to prove the negligence of the master substantially as charged in the declaration and if he failed to do so, a peremptory instruction should be given. *Hand* v. *Botner*, 130 Miss. 292. It was palpable negligence for an employee to attempt a task of the kind performed by the plaintiff while the machinery was in motion and his doing so was sufficient to prevent his recovery. *Ovett Land & Lbr. Co.* v. *Adams*, 109 Miss. 740; *Buckeye Cotton Oil Co.* v. *Saffold*, 125 Miss. 407.

Testimony of the plaintiff not only shows his experience but shows his intelligence and that he was fully informed and knew what he was doing. Experienced and intelligent as he was, plaintiff needed no instruction and no warning, though some of the mill-hands claim that they did warn him when the danger was imminent. Employees of experience do not need instruction especially about the obvious. *Crossett Lumber Co.* v. *Land*, 131 Miss. 824.

The testimony is overwhelming in this case that the machinery complained of in this case was the standard machine properly constructed and protected. The court very recently has held that if the master furnishes the standard equipment he is not guilty of negligence. *G. M. & N. R. R. Co.* v. *Mable Nicholson*, 107 So. 208.

*Young & Coleman,* for appellee.

The evidence for the plaintiff makes a clean, clear cut case for the plaintiff. The defendant furnished him unsafe machinery and an unsafe place to work. The

knotted rope and the long bolts sticking out caused all the trouble by the rope hanging and catching the worn place in the upright plank and catching under the bolts, thereby jerking the appellee's hand into the machinery and causing the injury. And too, there was no frame or protection or safeguard for the operator of the machinery. The young man could have handled the cable all right if the unnecessary and unsafe parts of machinery had not been as they were. What is the excuse or justification in having such bolts protruding to snatch the rope, and what excuse can be offered for the knotty and frazzled cable catching and hanging over the edge of the vertical plank placed to hold the rope on the drum in winding either way?

It is contended that plaintiff below, appellee here, was guilty of carelessness in not stopping the machnery to fix the rope. Of course, the witnesses for the sawmill testified that it ought to have been stopped to correct the trouble with the wire cable and that they did so. But the plaintiff said if the bolts had not projected and caught the rope and jerked his hand down, it was not necessary to stop the machinery to fix the rope. The rope was supposed to stay on a drum which did not run unless there was friction.

The appellee had had some experience in working at a mill similar to this, but he stated that it was different from the one at which he got hurt in various respects. The knowledge of dangerous conditions does not relieve the negligent appellant. It was the legal duty of the appellant to furnish the boy a safe place and safe machinery to work with. Just answer the question as the jury did answer.

In the trial court the defendant said much about the machinery being standard. This rope was dangerously worn, knotted, and frazzled and that is not standard, and the upright plank with a hole worn in the edge of it just right to catch a non-standard rope and bolts just right to catch the rope and no frame or pieces to protect the

worker from going against the machinery all make the place unsafe, dangerous and likely to cause injury.

Admitting for argument's sake that the appellee was negligent, which we do not admit, it brings us to the comparative negligence law. Where there is negligence both ways, the jury is the judge as to the amount of recovery and the negligence of the injured person does not bar recovery. Some of the late cases which might apply are: *I. C. R. R. Co.* v. *Nixon,* 109 Miss. 308; *I. C. R. R. Co.* v. *Archer,* 113 Miss. 158; *Miss. Cent. R. R. Co.* v. *Lott,* 118 Miss. 816; *M. & O. R. R. Co.* v. *Carpenter,* 104 Miss. 706; *I. C. R. R. Co.* v. *Thomas,* 109 Miss. 536; *Y. & M. V. R. R. Co.* v. *Williams,* 114 Miss. 236.

The case should be affirmed.

*Leftwich & Tubb,* in reply, for appellant.

In *Buckeye Cotton Oil Co.* v. *Saffold,* 125 Miss. 407, this court remarked that it was in the power of the injured plaintiff to stop the machinery "but instead of selecting the safe method of performing the duty he chose a highly dangerous method and as a consequence suffered the injury." Almost the identical language is used in *Ovett Land & Lbr. Co.* v. *Adams,* 109 Miss. 740.

The experienced employee who had been about mills for about three years and had performed this task at the Day Mill for some months and knowing full well the safe method, selected the dangerous one and got injured. Sympathize with him as we must, his master is not responsible.

McGOWEN, J., delivered the opinion of the court.

The appellee, Daniel Ryan Pace, recovered a judgment against appellant, E. L. Rose, for one thousand dollars for personal injuries sustained by appellee while employed as a laborer at a sawmill. His duty was to operate that part of the machinery which brought logs

from the log yard up an incline to the mill; machinery consisting of a drum or windlass, with large wheel, which would pull all the logs upon the platform to be transported to the saw. A friction wheel applied against the drum would cause the drum to turn and wind the steel cable on the drum, and it had iron bolts which projected out beyond the nuts about one and one-half or two inches. The proof showed, further, that there was an upright piece of timber a short distance from the drum against which the steel rope passed in order to force the rope onto the drum. This board became worn, and the steel rope "frazzled," forming a tangled knot; and the appellee, while the friction wheel was running, undertook to uncoil the knot which had formed. In doing so, his hand was caught and carried in between the friction wheel and the drum, and he was injured, in that he lost all the fingers on his right hand.

The proof further showed that at the time of the injury the carrier needed repair, and that the machinery was running, although no sort of operation was being carried on. The plaintiff said that he was an experienced man, and understood how to operate this drum and friction wheel; and, on cross-examination, stated that he knew that it would have been safe to have caused the fireman to stop the engine, which would have stopped the friction wheel. This man was shown to be a man of intelligence, and the danger he incurred was shown to have been obvious. The defendant asked for a peremptory instruction, which was refused by the court. We think same should have been granted. There would have been no danger at all if the plaintiff had caused the machinery to be stopped before he thrust his hand into an obviously dangerous place, which the master had not instructed him to do, but which he did voluntarily. The proximate cause of his injury was his voluntary act, and his imprudently and unwisely thrusting his hand into a place manifestly and obviously dangerous; and, instead of selecting the safe method of uncoiling the knotted rope

by stopping the machinery, he adopted voluntarily a highly dangerous method by undertaking to uncoil the rope with the machinery running, and, as a result, was injured. He acted on his own judgment, without an order so to do from the master. This case is ruled by ¡Ovett *Land & Lumber Co.* v. *Adams,* 109' Miss. 740, 69 So. 499'; *Buckeye Cotton Oil Co.* v. *Saffold,* 125 Miss. 407, 87 So. 893.

The lower court should have peremptorily instructed the jury to find for the defendant.

Reversed, and judgment for appellant.

*Reversed.*