STOKES *v.* ADAMS-NEWELL LUMBER CO.*

(Division B. Oct. 22, 1928.)

[118 So. 441. No. 27155.]

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2836, p. 858, n. 3; Evidence, 23CJ, section 1743, p. 11, n. 32; Master and Servant, 39CJ, section 1078, p. 861, n. 86; section 1405, p. 1224, n. 7; section 1430, p. 1251, n. 9; Trial, 38Cyc, p. 1613, n. 16. On negligence of servant having opportunity to act in one of two ways, one of which is less safe than the other to choose less safe mode, as barring recovery for personal injuries, see 18 R. C. L. 636.

*Williamson & Clayton,* for appellant.

*Watkins, Watkins & Eager,* for appellee.

Argued orally by *Nate S. Williamson,* for appellant, and *W. H. Watkins,* for appellee.

Pᴀᴄᴋ, J. Appellant, plaintiff in the court below, sued appellee, defendant in the court below, for personal injury alleged to have been sustained by plaintiff while employed by defendant.

Plaintiff's declaration alleges that he was employed as decker in defendant's logging skidder crew. Logs sawed in the woods were drawn to this skidder by means of cables attached thereto. These logs were then required to be piled or decked alongside the logging railroad track parallel thereto, to be afterward loaded upon cars and thence transported to the mill. A decking line or cable suitably attached to the skidder was used to lift and place these logs into piles or decks. This decking line coiled around a drum, operated by another employee known as drum "skinner." The declaration further alleges that there was attached to the end of the decking line a hook used for fastening a log so that the drum "skinner," by proper manipulation of the drum, could pull or lift the log into its proper place in the deck; that plaintiff had formerly worked in said skidder crew as flagman, but that the foreman of the crew changed him to decker, and, as decker, it was his duty to pull the decking line out from the skidder and hook it to the log, for the purpose

of piling or decking it into its proper place in or on the deck; that, after placing the hook into the log, it was then the duty of the drum "skinner" to place the log, and was no part of plaintiff's duty.

The declaration further alleges that, in carrying said decking line out at the time of the injury, he was required to walk over this deck or pile of logs; that these logs were negligently stacked or piled, the pile being "loosely constructed," made easy to dislocate and caused to roll or fall, as plaintiff walked over them in carrying said line, thereby rendering it an unsafe place in which to work.

It is also alleged that "said skidder and drum or machinery was in such defective condition, or was being so operated," as to render it difficult for the plaintiff to pull the line out as he attempted to walk over the pile of logs, and due, as it is alleged, to the defective way in which said logs were piled, and to the defective condition of the "skidder and drum, or by its negligent operation," a log on which plaintiff stepped rolled and he was made to lose his footing, his feet slipping from under him causing him to fall across the logs and to sustain the injury sued for.

Defendant pleaded the general issue and gave notice thereunder that it would prove if plaintiff received an injury, which was denied, that it was due to his own negligence, and in failing to do the work in the safe way furnished by defendant; and, further, if there was an injury, it was due to one of the normal risks incident to the employment which was assumed by plaintiff when he accepted said employment.

The evidence being in conflict, the cause was submitted to the jury, resulting in a verdict for the defendant.

Unless there is some error of law, the judgment must stand.

The court refused plaintiff an instruction invoking the doctrine that plaintiff did not assume any risk of the failure of the master to furnish plaintiff with a reason-

ably safe place in which to work, or failure to furnish reasonably safe machinery or appliances with which to work. This instruction announced an abstract principle of law, but a refusal to grant it will not constitute reversible error, unless it was responsive to the issues and proof. It is true a mention of assumption of risk is made in the notice under the general issue plea, but it appears from the record that both parties veered away from it in the introduction of proof.

The defendant predicated its defense on an altogether different theory, and asked no instruction on the doctrine. Plaintiff obtained instructions numbered 7 and 9, which fully announced that it is the continuing, nondelegable !duty of the master to furnish the servant with a reasonably safe place in which to work.

We do not think the court can be held for reversible error in refusing the instruction.

The next assignment of error is that the court erred in refusing plaintiff's instruction reading as follows:

"The court instructs the jury that if you believe from the preponderance of the evidence that plaintiff's foreman who was employed by the defendant company knew (or by the exercise of reasonable care and diligence should have seen and known) that plaintiff was doing the character of work that he claims to have been doing at the time he claims to have been injured, in the manner that he claims to have been doing said work, and permitting him to so work without any objection, then, in that event, the defendant would be estopped from defending on the ground that the plaintiff did not adopt a safe way or method of doing the work he claims to have been doing at the time he claims to have been injured."

It was the theory of defendant that plaintiff was not required to walk over the deck of logs in order to do the work in question, but that a safe way was provided by going around the deck.

It is well settled that if the master provide a safe means or method for doing certain work, and the servant

elects to use different and dangerous methods, he cannot recover, for the reason that such acts become the negligence of the servant and not that of the master. *Ovett Land & Lumber Co.* v. *Adams,* 109 Miss. 740, 69 So. 499; *Buckeye Cotton Oil Co.* v. *Saffold,* 125 Miss. 407, 87 So. 893.

Plaintiff, by this instruction, was probably seeking to invoke the doctrine that although there is a safe way provided for doing work, if the master knowingly permits a servant habitually to work in another and dangerous way, the master will be held liable. If so, the instruction is not based upon such hypothesis. It is not predicated upon custom or habit of doing the work in a different way, and that such custom or habit was known to the defendant. Then too, we do not think the evidence was sufficient upon which to base this instruction.

It is next argued that the plaintiff was entitled to the following instruction:

"The court instructs the jury that whatever facts are necessary to be established—whether by the plaintiff, to give him the right to recover, or by the defendant to sustain its defense—must be proven by a preponderance of the evidence by the party relying on such facts to support his or its contention."

It was clearly not error to refuse this instruction. The defendant is never required to prove, by a preponderance of the evidence, any defense except one of an affirmative nature.

The plaintiff urges that the court erred in refusing the following instruction:

"The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence that plaintiff was injured while assisting in the operation of the defendant's skidder, then, in that event, the defendant is *prima-facie* guilty of negligence, and to overcome this statutory presumption of negligence it devolves upon the defendant company to exculpate itself by establishing

by competent evidence such circumstances of excuse as would relieve it from liability; this statutory presumption, however, cannot be overthrown by conjecture; the circumstances of the accident must be clearly shown, and the fact so proven must exonerate the company from blame, that if the facts be not proved, or the attendant circumstances of the accident do not clearly exonerate the company from blame, the company is not relieved from liability to plaintiff, the presumption controls.''

Plaintiff earnestly insists that the *prima-facie* statute, section 1985, Code of 1906 (section 1645, Hemingway's 1917 Code), is applicable to injuries received in the operation of skidders such as the one now under consideration. It becomes unnecessary to decide this question, and a decision thereon is pretermitted. Substantially the same language as contained in this instruction has been often condemned by former decisions of this court. Tested by these decisions, it was proper for the court to refuse it. *Davis* v. *Temple,* 129 Miss. 6, 91 So. 689; *Hines* v. *McCullers,* 121 Miss. 666, 83 So. 734; *Davis* v. *Elzey,* 126 Miss. 809, 88 So. 630, 89 So. 666; *Railroad Co.* v. *Daniell,* 108 Miss. 358, 66 So. 730; *Gulf, M. & N. R. Co.* v. *Brown,* 138 Miss. 39, 102 So. 855; *Y. & M. V. R. R. Co.* v. *Gore* (Miss.), 117 So. 521.

Finding no reversible error in the record, the judgment of the court below will be affirmed.

*Affirmed.*