## MARTIN v. BECK.

(Division B. Dec. 7, 1936.)

[171 So. 14. No. 32402.]

304

Shands, Elmore, Hallam & Causey, of Cleveland, for appellant.

306

**R. D. Everitt,** of Ruleville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On April 23, 1935, appellant was the contractor engaged in the construction of a link of concrete highway in Sunflower county. In this construction the usual machinery for such work was used, and there was the usual change and shifting of the men and machinery from point to point along the road as the work progressed, and the machinery would be left upon the road at the end of each day's work. Among the equipment or machinery was a tractor, a mixer, and a finishing machine, each of which was propelled by gasoline. Appellee was the night watchman, and he had been so engaged for about a month. In addition to being night watchman, his duties were to grease and oil the three machines mentioned and to fill their tanks with gasoline. He was to come on duty not later than six o'clock in the evening

and to remain until the men came to work in the morning, which was approximately at six o'clock but not earlier than that hour. It usually required about fifty gallons of gasoline to fill the tanks. Appellee was furnished with an ordinary kerosene lantern, and if he elected to do the work of filling the tanks with gasoline at night, this was the only light he had. He states that he well understood the danger of handling gasoline in proximity to an exposed flame, such as that of an ordinary lantern.

On the evening of that date, the sun set at approximately six-forty o'clock; and on the following morning the sun rose at approximately five-fifteen o'clock; and there was, of course, the usual period of available daylight as appertained to that locality after sunset and before sunrise. Instead of using the period from six o'clock in the evening until dark and the additional period from daylight until six o'clock in the morning to fill the gasoline tanks, and which according to the apparent preponderance of the evidence would have been ample time for the performance of that particular task, using proper diligence, appellee first greased and oiled the machines and then after dark attempted to fill the gasoline tanks, in the doing of which there was a splash of gasoline upon the lantern, causing a fire and painful burns upon the lower part of appellee's body. Appellee sued upon the theory that appellant had failed to furnish him with the proper and suitable appliances to do the required work, and, upon the trial, recovered judgment.

The rule has often been affirmed by this court that when the master furnishes a reasonably safe means or method of doing certain work and the servant elects to use a different and dangerous method, he cannot recover for the reason that such acts become the negligence of the servant and not of the master. Stokes v. Adams-Newell Lbr. Co., 151 Miss. 711, 716, 118 So. 441. See,

also, Goodyear Yellow Pine Co. v. Clark, 163 Miss. 661, 668, 142 So. 443. The principle is otherwise expressed in the rule that the master is as much entitled to expect that the servant will exercise reasonable care in the doing of a prescribed piece of work as is the servant entitled to expect that the master will use reasonable care to furnish him with reasonably proper facilities therefor. Newell Contracting Co. v. Flynt, 172 Miss. 719, 728, 161 So. 298, 743. As a corollary of those principles, it follows that when the servant is employed as night watchman and in addition is required to do certain tasks which may be safely done at night, and another task which may be safely done only in daylight, he must pursue the course of safety, provided there be sufficient daylight time during the hours of the employment within which, exercising proper diligence, he may perform the task that is safely to be done only in daylight; and if he elects to pursue the different and dangerous course, he does so at his own risk. Appellant requested an instruction which sought to present this principle and issue to the jury. The instruction was not drawn with technical precision, but was sufficient in its meaning to be understood by the jury, and we are of the opinion that it was error to refuse it.

We gather from the briefs that the theory upon which this instruction was refused was that the master had specifically ordered the servant to put the gasoline in the machines during the nighttime. The only place in the record of the testimony which gives any support to that contention is a statement by appellee in response to one of the interrogatories that some one of the foremen had "suggested" that the machines be greased up first. A suggestion is not an order or command, and even if so, there was left the time between daybreak and six o'clock the following morning, as to which appellee distinctly testified that his instructions were "to grease up, gas up and oil up this machinery by the time they got

ready to work the next morning;'' and there is no testimony that the machines were ever started to work before six o'clock in the morning, which would give more than an hour of morning daylight time for this gasoline work. We are not intimating, however, by what has just been said, that the daylight time for the doing of this work was only that in the morning, excluding that in the evening. That inquiry will be left unhampered for consideration upon another trial.

Appellant has earnestly contended that he was entitled to the peremptory charge. While the case is close upon that point, we prefer to reverse and award a new trial, when it may be more clearly developed and submitted upon proper instructions.

Reversed and remanded.