PATTERSON, Justice:
This is an appeal from a judgment of the Circuit Court of Washington County which *420 granted a directed verdict in favor of the defendant at the conclusion of the plaintiff’s evidence. John Allen Jones instituted this action to recover damages for personal injuries incurred while in the employment of Greer Rice Dryer and Shop, Inc., which resulted from a fall into a revolving auger used to process grain.
The issue presented is whether the trial court correctly decided that the plaintiff’s negligence in voluntarily placing himself in a position of great danger was the sole proximate cause of his injury.
It is the opinion of the Court that all issues presented are controlled by the principle announced in Buckeye Cotton Oil Company v. Saffold, 125 Miss. 407, 87 So. 893 (1921), and Rose v. Pace, 144 Miss. 375, 379-380, 109 So. 861 (1926), wherein we stated in the latter:
There would have been no danger at all if the plaintiff had caused the machinery to be stopped before he thrust his hand into an obviously dangerous place, which the master had not instructed him to do, but which he did voluntarily. The proximate cause of his injury was his voluntary act, and his imprudently and unwisely thrusting his hand into a place manifestly and obviously dangerous; and, instead of selecting the safe method of uncoiling the knotted rope by stopping the machinery, he adopted voluntarily a highly dangerous method by undertaking to uncoil the rope with the machinery running, and, as a result, was injured. He acted on his own judgment, without an order so to do from the master. .
The appellant was thoroughly familiar with the machinery with which he worked. He placed himself in a position of great danger above the revolving auger. His fall into the auger was the result of his voluntary action which could not have been reasonably foreseen by his employer. We are of the opinion that the judgment of the trial court, which directed a verdict for the defendant at the conclusion of the plaintiff’s testimony, was proper.
Affirmed.
GILLESPIE, C. J., and INZER, SMITH and ROBERTSON, JJ., concur.