# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2021

Lyle W. Cayce
Clerk

No. 20-60465

---

JEFFREY K. DAVIS,

*Plaintiff—Appellant*,

*versus*

UNITED STATES MARSHALS SERVICE, *an Agency of the United States of America*; UNITED STATES DEPARTMENT OF JUSTICE, *an Agency of the United States of America*, BOTH BY AND THROUGH LORETTA LYNCH, *the Attorney General of the United States of America*; METROPOLITAN SECURITY SERVICES, INCORPORATED, *doing business as* WALDEN SECURITY; THOMAS WIGHT; DAVID HARLOW,

*Defendants—Appellees*,

CONSOLIDATED WITH

---

No. 20-60507

---

JEFFREY K. DAVIS,

*Plaintiff—Appellant*,

*versus*

UNITED STATES MARSHALS SERVICE, *an Agency of the United States of America*; UNITED STATES DEPARTMENT OF JUSTICE, *an Agency of the United States of America*; METROPOLITAN SECURITY SERVICES, INCORPORATED, *doing business as* WALDEN SECURITY,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CV-300

---

Before ELROD, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jeffrey Davis was offered a position as a district supervisor under a court security contract between the United States Marshals Service and Metropolitan Security Services d/b/a Walden Security. Davis brought a claim against the Department of Justice, United States Marshals Service, Metropolitan Security Systems, Inc., and two United States Marshals Service employees in their individual capacity for alleged denial of due process, breach of contract, and violation of rights under the Whistleblower Act after his contingent offer of employment was withdrawn. The district court dismissed the case. We vacate and remand with instructions to dismiss Davis's breach-of-contract claim against the Federal Defendants for lack of jurisdiction, and affirm the district court's dismissal of Davis's other claims.

## I. Background and Procedural History

Jeffrey K. Davis (Davis) is a former employee of the United States Marshals Service (Marshals Service). He began working for the Marshals

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60465
c/w No. 20-60507

Service in 1991. From 1998 to 2003, Davis was assigned as the Contracting Officer's Technical Representative with oversight responsibilities for the Court Security Officers program in the U.S. District Court for the Northern District of Mississippi. Davis served in various non-supervisory positions in the Northern District of Mississippi, until the last three years of his service with the Marshals Service when he transferred to serve as the Operations Supervisor for the Memphis, Tennessee office. In June or July 2011, Davis received written notification that he had been deemed "suitable" for continued employment. Davis's suitability determination was to remain effective for five years. He retired in good standing with top secret security clearance in January 2013.

While employed by the Marshals Service, Davis lodged various complaints, first raising contract violations, and subsequently claiming retaliation by Chief Deputy Marshal Kelly York for having made those complaints. According to Davis, all grievances were resolved in his favor. Despite these complaints, Davis continued his employment with the Marshals Service and was later promoted.

Three years after retiring from the Marshals Service, Davis was approached by Marshals Service officials from the Northern District of Mississippi to inquire whether he was interested in the District Supervisor position, which was staffed under the Marshals Service's court security agreement with Walden Security (Walden). Walden is a private security company that contracts with the Marshals Service to provide court security personnel as deputized Special U.S. Marshals. Walden provides these services under a written contract between Walden and the Marshals Service (the "Walden Contract"). The Walden Contract requires Walden to: (1) interview applicants, (2) conduct preliminary background checks, and (3) certify that the selected candidate meets the Marshals Service's job qualifications.

3

On December 29, 2015, Walden indicated its intent to offer Davis a position, "contingent upon approval from the [Marshals Service]." Davis alleges that Walden informed him that he had been approved by the Marshals Service and allowed Davis to begin his contingent employment on January 5, 2016, so that he could receive training from the retiring district supervisor. On January 7, 2016, however, Davis was informed by Mark Mancuso of Walden that the company had received notice from the Marshals Service that Davis was to be suspended from the contract. Walden employees told Davis that the "the Acting Director of the [Marshals Service], David Harlow, or the Office of General Counsel, informed Walden to 'suspend' Davis from the contract" and that "Acting Assistant Director of Judicial Security Tom Wight" had told Walden that Walden Security could find a more qualified candidate for the position, but refused to give any further information.

After being notified of Walden's non-employment decision, Davis filed a complaint with the Office of Special Counsel (OSC), alleging the Marshals Service retaliated against him for his prior whistleblowing activities. The OSC dismissed Davis's complaint because the OSC does "not have investigative jurisdiction over complaints filed by contract employees." Davis appealed the dismissal to the Merit System Protection Board (MSPB), which concluded that it had no jurisdiction because Davis was not an applicant for a position at a federal agency within the meaning of the federal whistleblower statute on which Davis relied. Davis was informed he had 30 days to file a petition of review of this decision by the United States Court of Appeals for the Federal Circuit. Davis did not file a request for review by the Federal Circuit, but asserts he was not required to do so.

On December 28, 2016, Davis filed this action in the Northern District of Mississippi against the Marshals Service, the Department of Justice (DOJ) (collectively, "Federal Defendants"), David Harlow and Thomas Wight (collectively, "Individual Defendants"), and Walden. He alleged a denial of

due process under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the individually-named defendants, a breach of contract by Walden, and a breach of contract claim and a claim under the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8), against the Federal Defendants. He sought reinstatement, $500,000 in damages, and attorney's fees and costs.

On May 1, 2018, the district court dismissed Davis's suit with prejudice as to the Federal Defendants and Individual Defendants for failure to state a claim. After the Federal Defendants and Individual Defendants were dismissed and the only remaining claim was against Walden for breach of contract, Davis sought discovery from the Federal Defendants. In response to Davis's request under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Marshals Service provided all of its personnel documents pertaining to Davis while he was employed by the Marshals Service, as well as the pertinent communications between the Marshals Service and Walden. Davis next filed a motion to compel a Rule 30(b)(6) deposition of the Marshals Service.

On July 17, 2019, the district court denied Davis's motion to compel, concluding that the internal reasoning behind the Marshals Service's communications to Walden was not relevant to Davis's breach of contract claims against Walden for terminating him after receiving those communications.

On January 27, 2020, Walden filed its motion for summary judgment and memorandum in support. Davis responded to the motion and Walden replied. On April 23, 2020, the district court granted Walden's motion for summary judgment and entered final judgment. Davis appeals several of the district court's judgments—the motions to dismiss, the motion to compel, and the motion for summary judgment.

No. 20-60465
c/w No. 20-60507

## II. Government Defendants

Davis first argues the district court erred in dismissing his claims against Federal Defendants and Individual Defendants under Rule 12(b)(6) for failing to state a claim. We review the district court's grant of a motion to dismiss de novo. *See Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555.

### A. Federal Defendants

The district court dismissed the claims against Federal Defendants after finding that "Davis [was] not a party to the contract. Nor can he be considered a third-party beneficiary who would be entitled to enforce the contract, as the background investigation provisions are clearly not a promise made for Davis' benefit." Davis asserts the Walden Contract conferred procedural rights to Davis in the event of the Marshals Service's unsuitability determination. For the purposes of his employment with Walden, Davis argues, the Marshals Service was a joint employer based on its degree of control over Walden's employees and he was a third-party beneficiary under the Walden Contract. While Davis concedes that his employment as District Supervisor does not meet the technical definition of "covered position" set

6

forth in 5 U.S.C. § 2302(a)(2)(B), he argues that he should be able to proceed with his claim to "comport with the meaning and spirit of the Act."

### *1. Subject Matter Jurisdiction*

Davis's breach-of-contract claim raises a jurisdictional issue.  For a cause of action to proceed against the United States and its agencies or officials in their official capacities, there must be a clear waiver of sovereign immunity, or the court lacks subject matter jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Claims against the Government based in contract are within the exclusive jurisdiction of the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *U.S. Marine, Inc. v. United States*, 478 F. App'x 106, 108 (5th Cir. 2012).

Davis's complaint with the OSC was dismissed for lack of jurisdiction as a contract employee.  Davis appealed the dismissal to the MSPB, which came to the same conclusion.  Appellate jurisdiction over an adverse decision by the agency board is vested exclusively with the United States Court of Appeals for the Federal Circuit.    41 U.S.C. § 7107(a)(1); 28 U.S.C. § 1295(a)(10).  Alternatively, after an initial adverse decision by the contracting official, the contractor may seek de novo review in the Court of Federal Claims, with appellate review in the Federal Circuit.  28 U.S.C. § 1295(a)(3).  Davis did not appeal that decision to either this Court or the Federal Circuit, as required by 5 U.S.C. § 7703(b)(1)(A).

Davis asserts that the Tucker Act, 28 U.S.C. § 1346(a), provides that the district courts have subject matter jurisdiction over claims brought against the United States founded on express or implied contracts, and in support cites *Awad v. United States*, 2001 U.S. Dist. LEXIS 8989 (N.D. Miss. 2001) (Apr. 27, 2001). But Awad, unlike Davis, was *directly* contracting with the federal government.  The Tucker Act, which waives the immunity of the United States for certain damages suits in the Court of Federal Claims, does

not create substantive rights, and a plaintiff relying on the Tucker Act must premise his damages action on other sources of law, like statutes or contracts. 28 U.S.C. § 1491(a)(1); *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308 (2020).

This court has previously examined a similar argument with a plaintiff attempting to invoke a statute implicated in her contract with a government agency (Title VII in her settlement agreement with her employment agency). *See Charles v. McHugh*, 613 F. App'x. 330, 332 (5th Cir. 2015). We held that her claims were not Title VII claims, but contractual claims, and dismissed the contract claim against the government agency for lack of jurisdiction. Congress's waiver of sovereign immunity for another statute could not confer jurisdiction on the contract case, and the plaintiff had no basis to enforce her contract with a government agency. *Id.*

Davis further argues that Federal Defendants are incorrect that the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 7101 *et seq.*, applies to his breach of contract claim because Davis is not a "contractor" within the meaning of the Act. The Walden Contract is a federal contract between the United States and a government contractor for services. State law or a contract with a third party does not convey jurisdiction to sue the United States, because the right "can be acquired only by the specific consent of Congress," which is not present in this case. *United States. v. Transocean Air Lines, Inc.*, 386 F.2d 79, 81 (5th Cir. 1967) (denying jurisdiction for a suit against the U.S. government by third-party attorneys with a right to a portion of a government contractor's claim against the United States, based on sovereign immunity).

The CDA applies to "express or implied" contracts, 41 U.S.C. § 7102(a), and establishes a multi-tiered administrative review process. Congress expressly limited potential relief to "a party to a Federal

Government contract other than the Federal Government." 41 U.S.C. § 7101(7). Davis's invocation of the Tucker Act does not confer jurisdiction over his breach of contract claim in light of the administrative and judicial scheme to resolve disputes between contractors and the federal government in the CDA, which imposes particular jurisdictional limitations upon suits involving government contracts for the performance of services.

Our sister circuit recently analyzed a factually similar case. In *Atterbury*, a former employee of a private security contractor brought an action against the Marshals Service and a contracting officer regarding the Marshals Service's removal of the employee from a court security program, in which he served as a court security officer, which led to termination of his employment. *Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398 (2d Cir. 2015). Davis, like Atterbury, is not in privity with the United States. In its holding, the Second Circuit found that the provisions of the CDA apply only to contractors; *i.e.*, a party to a federal government contract other than the federal government. 41 U.S.C. § 7101(7). *Id.* We agree.

The CDA exclusively governs government contracts and government contract disputes and, when the CDA applies, it provides "the exclusive mechanism for dispute resolution." *Tex. Health Choice, L.C. v. Office of Pers. Mgmt.*, 400 F.3d 895, 898-99 (Fed. Cir. 2005). Further, the CDA does not permit appeals by anyone who is not a party to a Government contract other than the Government. *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1371 (Fed. Cir. 2009). Because Davis has not demonstrated his standing to enforce the terms

No. 20-60465
c/w No. 20-60507

of the Walden Contract, we vacate and remand with instructions to the district court to dismiss Davis's breach-of-contract claim without prejudice.[1]

### 2. Whistleblower Protection Act of 1989

Davis concedes that his employment as district supervisor does not meet the definition of "covered position" set forth in 5 U.S.C. § 2302(a)(2)(B), but argues he should be allowed to proceed with his claim "to comport with the spirit and meaning of the Act." Davis cites no legal authority for this court to go beyond the clear intent of Congress to define a 'covered position' under 5 U.S.C. § 2302(a)(2)(B).

We review questions of statutory interpretation de novo. *In re Glenn*, 900 F.3d 187, 189 (5th Cir. 2018). The ordinary-meaning rule is the most fundamental semantic rule of interpretation. A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012). "The task of statutory interpretation begins and, if possible, ends with the language of the statute." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013). "When the language is plain, we 'must enforce the statute's plain meaning, unless absurd.'" *Id.* (quoting *In re Nowlin*, 576 F.3d 258, 261–62 (5th Cir. 2009)); *see also BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) ("The preeminent canon of statutory interpretation requires [the court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)). Because Davis is not covered under the statute, we affirm dismissal of this claim.

### B. Individual Defendants

---

[1] We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary. *In re Cortez,* 457 F.3d 448 (5th Cir. 2006) (quoting *In re Chunn*, 106 F.3d 1239, 1241 (5th Cir.1997)).

No. 20-60465
c/w No. 20-60507

Next, Davis argues the district court erred in dismissing Davis's due process claim against Harlow and Wight. Davis's claim that he was denied Fifth and Fourteenth Amendment due process rights is brought pursuant to 42 U.S.C. § 1983 and *Bivens*. The district court found that Davis failed to state a claim against the Individual Defendants and that Section 1983 cannot serve as a basis for Davis's constitutional claims against the Individual Defendants. Section 1983 only applies to state actors. Davis concedes his Section 1983 claim and is no longer pursuing this claim because there are no state actors involved. As for *Bivens*, Davis has conceded that his claim "should be dismissed."[2]

### III. Discovery Ruling

Davis next argues that the district court abused its discretion by denying his motion to compel the DOJ to comply with a Rule 45 subpoena. The denial of this motion was made after the district court had dismissed the

---

[2] The Supreme Court has admonished the courts to exercise caution in the disfavored judicial activity of extending Bivens to any new set of facts. *See Cantú v. Moody*, 933 F.3d 414, 421-22 (5th Cir. 2019) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). Davis argues that his case is analogous with the claims raised in *Davis v. Passman*, 442 U.S. 228 (1979). In *Passman*, the equal protection component of the due process clause conferred on a female congressional staff member a federal constitutional right, personal to her, to be free from gender-based discrimination which was not substantially related to the achievement of an important governmental objective. *Id*. Davis asserts, under *Passman*, that he is not a "new category of defendant" nor would this case be a "new context" in applying *Bivens*.

Davis's claim would present a new *Bivens* context, despite the caution expressed in *Cantú*. "[T]he existence of a statutory scheme" governing breach of contract claims against the United States and for claims of reprisal in limited circumstances is, itself, a special factor counseling against recognizing an implied right under Bivens to sue individual officers. *See Cantú*, 933 F.3d at 423; *Ziglar*, 137 S. Ct. at 1858 (noting "that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action"). That Congress has chosen not to provide a *Bivens*-type remedy against individuals in this highly regulated context weighs heavily against implying such a remedy here. Accordingly, Davis's claims against Individual Defendants were properly dismissed.

11

No. 20-60465
c/w No. 20-60507

Federal Defendants and Individual Defendants from the case, leaving only the breach-of-contract claim against Walden remaining. We review the denial of a motion to compel discovery for abuse of discretion, *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980), mindful that a district court is afforded "broad discretion when deciding discovery matters." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011).

After dismissal, the only remaining claim was whether Walden had breached any contractual relationship with Davis. Davis contends a deposition of the DOJ is the only means by which he can discover why he was found unsuitable. Davis sought to "obtain information concerning why the [DOJ] required his termination, information only the [DOJ] has in its possession." Davis explains the DOJ objected to the Rule 30(6)(b) deposition of the Marshals Services because Davis could discover all the communication being sought "from other sources" and the requests were "unduly burdensome."

This court recognizes broad and liberal treatment of the federal discovery rules. *U.S. v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991). In civil cases, parties are entitled to discover all information relevant to any party's claim or defense that is not privileged. FED. R. CIV. P. 26(b)(1). Discovery requests are relevant when they seek evidence that is admissible or reasonably calculated to lead to the discovery of admissible evidence. *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(1)).

As the party seeking to compel discovery, Davis has the burden of demonstrating clearly that the information sought is relevant to the case and would lead to admissible evidence. *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008). Likewise, as the parties resisting discovery, Federal Defendants must specifically articulate how each

12

discovery request is not relevant or is overly broad, burdensome, or oppressive. *In re Micron Tech, Inc. v. Sec. Litigation*, 264 F.R.D. 7, 9 (D.D.C. 2010); *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 263 (W.D. Tex. 2006); Fed. R. Civ. P. 26(b)(1).

Davis has not met his burden to demonstrate why the materials were necessary to his remaining breach of contract claim against Walden. The DOJ's decision that Davis was not suitable to perform under the contract might be questionable to Davis, but the contract gave Walden no right of input to nor oversight of the government's suitability decision. The DOJ's reasoning does not have anything to do with whether Walden Security breached its contract with Davis.

In light of the circumstances at the time of the ruling,[3] including the reasonableness of the discovery after Federal Defendants had been dismissed, we find that the district court did not abuse its discretion in denying Davis's motion to compel discovery.

## IV. Walden

Lastly, Davis argues the district court erred in granting Walden's motion for summary judgment and dismissing the breach of contract claim.

---

[3] There is also a procedural defect in Davis's motion. Subpoenas seeking to compel government employees to produce information have been quashed where a *Touhy* determination has been made by a federal agency that information should not be provided, as occurred here. *See Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) (quashing subpoena against EPA employees on the basis of a *Touhy* determination); *State of La. v. Sparks*, 978 F.2d 226 (5th Cir. 1992) (*Touhy* regulations give DOJ authority to refuse to comply with a subpoena ordering disclosure of confidential files when the United States is not a party to a legal action). Once the government issued a decision under *Touhy*, Davis was required to file a separate suit under the Administrative Procedure Act to challenge that final decision made by the agency. *See Moore v. Armour Pharm. Co.,* 927 F.2d 1194, 1197-98 (11th Cir. 1991). He failed to do so, instead filing a motion to compel in the District of Columbia.

No. 20-60465
c/w No. 20-60507

We review the district court's grant of a motion for summary judgment de novo, and we apply the same standard as the district court, viewing the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Continental Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

### *1. Suitability Determination*

Davis's Amended Complaint and testimony allege that the Marshals Service wrongfully caused his removal from his employment with Walden. Other than following the Marshals Service's order to remove him, Davis asserts no other grounds that Walden wrongfully removed him. It is undisputed that Walden sent Davis a letter stating that Walden removed him because the Marshals Service did not approve his recommendation for employment after concluding their final review.

The suitability determination in the Walden Contract is not made for Davis's benefit. Rather, it is made for the Marshals Service to "determine whether the individual's presence or performance under this contract could pose a potential threat or risk to the U.S. Courts, the Marshals Service, or the public." Walden was not responsible for conducting a suitability determination – or for ensuring that the Marshals Service conducted one.

### *2. Breach of Contract*

Davis does not allege that he had a written contract with Walden. Because Davis did not have a written contract with Walden and was not a third-party beneficiary of the Walden Contract, he argues that the contractual obligations of the Walden Contract were incorporated through his offer letter from Walden which expressly stated (1) that it was not an employment contract, (2) that his employment was at-will, and (3) that it was

14

No. 20-60465
c/w No. 20-60507

"contingent upon approval by the Marshals Service." The offer letter did not mention the Walden Contract.

It is undisputed that Walden was Davis's employer. Davis bases his breach of contract claim entirely on the Walden Contract, and claims to be a third-party beneficiary of the Walden Contract. The right of the third-party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. *Burns v. Washington Sav.*, 251 Miss. 789, 796, 171 So. 2d 322, 325 (1965). Here, the terms did not include Davis, and Davis does not argue that Walden breached the Walden Contract. Davis's claims against Walden were properly dismissed.

## V. Conclusion

For the foregoing reasons, we VACATE and REMAND with instructions for the district court to dismiss Davis's breach-of-contract claim against the Federal Defendants without prejudice for lack of jurisdiction, and AFFIRM the district court's dismissal of the remainder of Davis's claims.